**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EXIUS NOEL, as the Personal Representative of the Estate of Paulette Noel, Deceased; BEATRICE NOEL; and PATRICK CHERY,**

        **Plaintiffs,**

**-vs-**        **Case No. 6:11-cv-370-Orl-28DAB**

**FORD MOTOR COMPANY,**

        **Defendant.**

# ORDER

This cause is before the Court on the Omnibus Motion in Limine (Doc. 57) filed by Ford Motor Company. Ford seeks to exclude five categories of evidence and two groups of witnesses. In opposition, Plaintiffs have filed a Response (Doc. 64) and two Trial Briefs (Docs. 62 & 63). The Court has considered the parties' arguments and now makes the following rulings thereon, though some of the issues require further development at the final pretrial conference.

<u>I. Evidence of Other Accidents, Lawsuits, and Complaints</u>

Ford first moves to preclude presentation of evidence regarding other accidents, lawsuits, and complaints regarding the type of vehicle involved in the incident at issue in this case. Plaintiffs object, asserting that evidence of substantially similar accidents is admissible on the issues of existence of a design defect and Ford's knowledge of such defect.

Although both sides primarily cite Florida law on this issue, the Eleventh Circuit Court of Appeals has held that in a diversity case such as this one, federal law—not state law—governs the admissibility of evidence. See Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 (11th Cir. 1997) (stating, in rejecting the plaintiff's reliance on state law regarding admissibility of evidence of other vehicle rollover incidents, that "[u]nder this circuit's controlling precedent regarding diversity jurisdiction cases, the admissibility of evidence is a procedural issue, and therefore [it] is governed by the Federal Rules of Evidence"). "Pursuant to the federal substantial similarity doctrine, evidence of prior occurrences or accidents may be offered to show a 'defendant's notice of a particular defect or danger, the magnitude of the defect or danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, the strength of a product, the standard of care, and causation.'" Reid v. BMW of N. Am., 464 F. Supp. 2d 1267, 1271 (N.D. Ga. 2006) (citing Hessen v. Jaguar Cars, Inc., 915 F.2d 641, 649-50 (11th Cir. 1990)). Under this doctrine, evidence of prior accidents or occurrences is admissible only if (1) "the proponent of the evidence shows that conditions substantially similar to the occurrence in question caused the prior accidents"; (2) "the prior accidents [are] not too remote in time"; and (3) the trial court determines in its reasonable discretion that "the prejudice or confusion of the issues, which may probably result from the admission of the evidence, is [not] disproportionate to the value of the evidence." Id. (citing Heath, 126 F.3d at 1396 nn.12-13, and Jones v. Otis Elev. Co., 861 F.2d 655, 661-62 (11th Cir. 1988)).

At this point, the Court has not been presented with specific prior occurrences as to which an assessment of similarity can be made, and thus no determination as admissibility

or nonadmissibility can be made either. Ford's motion in limine on this issue is **DENIED** at this time, but Plaintiffs may not present evidence of allegedly similar accidents without prior permission of the Court. This issue will be discussed further at the final pretrial conference, and counsel should prepare accordingly.

### II.  Incompetent Witness Testimony

Second, Ford seeks to preclude two laywitnesses from testifying, asserting that these witnesses are not competent to testify. Plaintiffs have not responded to this portion of Ford's motion, and the Court notes that in the Joint Pretrial Statement, Plaintiffs did not list either of these persons on their witness list. Thus, absent an expressed intention of Plaintiffs to call either of these challenged witnesses, this portion of Ford's omnibus motion is **DENIED as moot**.

### III.  Post-Manufacture Evidence

Ford next argues that the issue in this case "is whether the product was defective when it left the hands of the manufacturer" and that therefore "any evidence regarding any scientific advances, evolutionary modifications[,] or other design changes after 1999 is irrelevant and prejudicial." (Doc. 57 at 5). Plaintiffs respond that "a variety of post-manufacturing evidence has been held to be both relevant and admissible in a host of cases." (Doc. 64 at 2). In discussing this issue, both sides allude to two other subjects of the motion in limine—evidence of other accidents, which was discussed earlier, and evidence of government advisories, which will be addressed next. It is not clear what other post-manufacture evidence Plaintiffs intend to introduce, and the Court cannot make a ruling on this issue without knowing the nature of the proposed evidence, if any. Thus, this portion

of Ford's omnibus motion is **DENIED** at this time, but the parties shall be prepared to address this issue at the final pretrial conference.

### IV.  NHTSA and NTSB Consumer Advisories and Related Documents

Ford also argues that Plaintiffs should not be permitted to introduce into evidence National Highway Traffic Safety Administration ("NHTSA") or National Transportation Safety Board ("NTSB") consumer advisories or related documents regarding fifteen-passenger vans.  The evidence that Ford seeks to preclude includes a 2001 NHTSA Research Note that Ford contends "is not based on substantially similar accidents." (Doc. 57 at 7).  Ford further argues that the Research Note and consumer advisories are hearsay.

Plaintiffs, on the other hand, argue that the NHTSA and NTSB consumer advisories that they intend to offer as evidence in this case are admissible both: (1) as part of expert witness background and as documents reasonably relied upon by experts in the field; and (2) as self-authenticating domestic public documents regarding a regularly conducted activity within the self-authentication provisions of Federal Rule of Evidence 902.  Plaintiffs contend that at a minimum, these documents are relevant to Ford's knowledge of the alleged design defect.

The Court does not yet know exactly what consumer advisories Plaintiffs will seek to rely on at trial.  Thus, Ford's motion on this issue is **DENIED**, but the Court will hear further argument as to specific exhibits at the final pretrial conference.

### V.  Punitive Damages

Fifth, Ford seeks to preclude Plaintiffs' punitive damages claim, arguing that Michigan law—which does not allow for punitive damages in a products liability case such as this

one—should apply to the punitive damages issue. Plaintiffs, however, argue that Florida law—which would allow for the recovery of punitive damages if a factual basis for them is established by Plaintiffs—should apply to this issue.

Florida's conflict-of-laws rules must be applied to resolve the question of which state's law governs the issue of the availability of punitive damages. See Judge v. Am. Motors Corp., 908 F.2d 1565, 1567 (11th Cir. 1990). Florida has adopted the "significant relationships test" set forth in sections 145-46 of the Restatement (Second) of Conflict of Laws. Bishop v. Fla. Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980). Sections 145 and 146 of the Restatement (Second) provide:

> 145.  The General Principle
>
> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
>> (a) the place where the injury occurred,
>>
>> (b) the place where the conduct causing the injury occurred,
>>
>> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>>
>> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

> 146. Personal Injuries
>
> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in section 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Section 6 of the Restatement (Second), which is mentioned in both sections 145 and 146, in turn provides:

> 6. Choice-Of-Law Principles
>
> (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
>
> (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include:
>
> > (a) the needs of the interstate and international systems,
> >
> > (b) the relevant policies of the forum,
> >
> > (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> >
> > (d) the protection of justified expectations,
> >
> > (e) the basic policies underlying the particular field of law,
> >
> > (f) certainty, predictability, and uniformity of result, and
> >
> > (g) ease in the determination and application of the law to be applied.

Thus, as set forth in section 146, Florida law applies to the issue of punitive damages in this personal injury case unless, with respect to the issue of punitive damages, Michigan "has a more significant relationship under the principles stated in section 6." Having

considered the factors listed in these Restatement sections, I am not persuaded that Michigan has a more significant relationship than Florida. See, e.g., Dodson v. Ford Motor Co., C.A. No. PC 96-1331, 2006 WL 2642199, at *8 (R.I. Super. Ct. Sept. 5, 2006) (analyzing these factors and concluding that "Rhode Island has a greater interest [than Michigan] in applying its law and that Rhode Island law should be applied, and punitive damages allowed," in action involving alleged defective design and manufacture of Ford vehicle). Accordingly, I find that the law of Florida, not the law of Michigan, applies to the issue of punitive damages in this case. Plaintiffs will not be precluded from attempting to establish a basis for punitive damages.

### VI. Preemption of Glass Claims

Plaintiffs' claims are based in part on Ford's alleged "failure to incorporate laminated window safety glass." Ford argues that Plaintiffs' glass-based claims are preempted by Federal Motor Vehicle Safety Standard 205 (49 C.F.R. § 571.205), which permits tempered glass to be used anywhere in a vehicle except the windshield. There are court decisions supporting both views on this issue. Compare, e.g., O'Hara v. Gen. Motors Corp., 508 F.3d 753 (5th Cir. 2007) (finding no preemption), with Priester v. Cromer, 736 S.E.2d 249 (S.C. 2012) (finding preemption).[1]

Having reviewed the cases addressing the preemption issue, I find the decision of the Supreme Court of South Carolina in Priester persuasive, and for the reasons stated in that

---

[1] Plaintiffs have summarized some of the other cases addressing this issue in a chart in their brief. (See Doc. 62 at 11).

opinion I conclude that Plaintiffs' glass-based claims are preempted by federal law. Accordingly, Ford's motion in limine is **GRANTED** on this issue.

### VII. Expert Witnesses

Finally, Ford seeks to preclude testimony of three of Plaintiffs' expert witnesses, challenging the qualifications and methodologies of these witnesses and citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). As Plaintiffs correctly note in their Response (Doc. 64), the deadline for the filing of Daubert motions in this case was November 30, 2012—several months before Ford filed its motion in limine on March 1, 2013. Thus, insofar as Ford's motion is truly a Daubert motion, it is untimely and is **DENIED**. However, this ruling does not preclude challenges to the testimony of these witnesses on other bases, including hearsay.

**DONE** and **ORDERED** in Orlando, Florida this 26th day of April, 2013.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record