UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ESTHER JOSEPH NOEL and MATHIEU
NOEL, as the Co-Personal
Representatives of the Estate of
Paulette Noel, Deceased; BEATRICE
NOEL; and PATRICK CHERY,

Plaintiffs,

-vs-

Case No.  6:11-cv-370-Orl-28DAB

FORD MOTOR COMPANY,

Defendant.

## ORDER

This case involving the rollover of a fifteen-passenger van manufactured by Ford

Motor Company is before the Court following the final pretrial conference, during which

evidentiary matters raised in Ford's Motion in Limine (Doc. 57) were discussed. Ford objects

to three of Plaintiffs' trial exhibits:  (1) Exhibit 261, an April 2001 National Highway Traffic

Safety Administration ("NHTSA") Research Note titled "The Rollover Propensity of Fifteen-

Passenger Vans"; (2) Exhibit 262, a November 2002 National Transportation Safety Board

("NTSB") Safety Recommendation regarding fifteen-passenger vans; and (3) Exhibit 263,

an October 2002 NTSB Safety Report titled "Evaluation of the Rollover Propensity of 15-

Passenger Vans." As set forth below, the Court finds that as to these exhibits, Ford's motion in limine must be denied.

These exhibits are relevant evidence under Federal Rule of Evidence 401. They are relevant to the issue of the instability of fifteen-passenger vans, including vans manufactured by Ford. The fact that the documents also refer to vans manufactured by other companies does not render their probative value substantially outweighed by a danager of unfair prejudice under Rule 403.

Additionally, under Rule 803(8), these documents are exceptions to the rule against hearsay. See, e.g., Guild v. Gen. Motors Corp., 53 F. Supp. 2d 363, 366 (W.D.N.Y. 1999) ("Although hearsay, the NHTSA Report is admissible as a public record pursuant to [Federal Rule of Evidence] 803(8). It is well settled that administrative reports and investigations are admissible pursuant to Rule 803(8)."). Courts "presume the admissibility of public reports because of the reliability of the public agencies usually conducting the investigation and their lack of any motive for conducting the studies other than to inform the public fairly and adequately." Jones v. Ford Motor Co., 204 F. App'x 280, 284 (4th Cir. 2006) (internal quotation and citation omitted). Because public reports are presumed trustworthy, "'the party opposing their introduction bears the burden of coming forward with enough negative factors to persuade a court that a report should not be admitted.'" Estate of Knoster v. Ford Motor Co., 200 F. App'x 106, 109 (3d Cir. 2006) (quoting In re Nautilus Motor Tanker Co., 85 F.3d 105, 113 (3d Cir. 1996)); accord Maxwell v. Ford Motor Co., 160 F. App'x 420, 423 (5th Cir. 2005) (noting that the appellant, as the party opposing admission of evidence, "bore the burden of proving that the NHTSA report was untrustworthy").

These documents are of a type that courts have allowed into evidence in similar cases, and Ford has not persuaded this Court that any of these documents should not be admitted at trial.  See Jones, 204 F. App'x at 285 (no abuse of discretion in admitting NHTSA report); Estate of Knoster, 200 F. App'x at 109-11 (same); Maxwell, 160 F. App'x at 423-24 (same); Livingston v. Isuzu Motors, Ltd., 910 F. Supp. 1473, 1497 (D. Mont. 1995) (rejecting argument that evidence of NHTSA rollover investigations should not have been admitted at trial where the defendants pointed "to no specific evidence of lack of trustworthiness," presented no basis for the court to doubt the reliability of the reports, and the court could conceive of no improper motivation of NHTSA in compiling its reports or conducting its studies); Guild, 53 F. Supp. 2d at 365-66.  Accordingly, Ford's motion in limine (Doc. 57) as to Plaintiffs' Trial Exhibits 261, 262, & 263 is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this ⎯⎯ day of May, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

-3-